**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| L. U., by and through his parent and legal guardian DIANDRA UTTECH, and DIANDRA UTTECH, as an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NASW RRG INSURANCE COMPANY, n/k/a PREFERRA INSURANCE COMPANY RISK RETENTION GROUP,<br><br>Defendant. | No. 2:25-CV-00924-TSZ<br><br>**PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS**<br><br>**NOTE ON MOTION CALENDAR:**<br><br>**AUGUST 20, 2025** |

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS
Case Nos. 2:25-CV-00924-RAJ

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.  STATEMENT OF FACTS .....................................................................................2

    A.   The Counseling Defendants Obtain Insurance Coverage through Gallagher Bassett ......................................................................................2

    B.   Initial Notice to Preferra: Mr. Hall's Professional Licensing Board Investigation.....................................................................................3

    C.   Preferra Denies Representation or Indemnification to the Counseling Defendants .........................................................................4

    D.   Snohomish Superior Court Analyzes of Preferra's Coverage Positions:...........................................................................................5

        1.   Counseling Defendants provided Notice to Preferra ...................5

        2.   Preferra Failed to Investigate or satisfy any of its duties under the policy.........................................................................5

        3.   Preferra's reliance on the Criminal Exclusion violated the Policy's protections.......................................................................6

        4.   Mr. Hall's Intent was Therapeutic, not Criminal:.......................6

    E.   Status of the Current Litigation.....................................................................6

III. STATEMENT OF ISSUES ....................................................................................7

IV.  EVIDENCE RELIED UPON .................................................................................7

V.   LEGAL ARGUMENT............................................................................................7

    A.   Dismiss Preferra's First Cause of Action: Counseling Defendants Timely Reported its Claim..........................................................................8

    B.   Dismiss Preferra's Second Cause of Action: The Criminal Act Exclusion Does not Preclude All Coverage...............................................9

    C.   Dismiss Preferra's Third Cause of Action: The Expected Damages Exclusion Cannot Bar Therapeutic Interventions. ................................10

    D.   Dismiss Preferra's Fourth Cause of Action: Even if the sexual misconduct exclusion did apply, Mr. Hall was entitled to limited coverage. .........................................................................................11

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - i
Case Nos. 2:25-CV-00924-RAJ

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

E.    Dismiss Preferra's Fifth Cause of Action: The Assault Exclusion does not bar coverage for the multiple other claims in the underlying lawsuit.............................................................................12

F.    Dismiss Preferra's Sixth Cause of Action: The Counseling Defendants are not required to cooperate once Preferra denies coverage. ...................................................................................12

G.    Dismiss Preferra's Seventh Cause of Action: Preferra failed to satisfy its duties under the Policy...............................................13

VI.    CONCLUSION.....................................................................................14

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - ii
Case Nos. 2:25-CV-00924-RAJ



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Am. Home Assur. Co. v. Cohen*,
124 Wn. 2d 865, 881 P.2d 1001 (1994) .................................................................9, 10, 11

*Jackson v. Quality Loan Serv. Corp.*,
186 Wn. App. 838, 347 P.3d 487 (2015) .............................................................................7

*Moeller v. Farmers Ins. Co. of Washington*,
173 Wn.2d 264, 267 P.3d 998 (2011) ..................................................................................9

*Olympic S.S. Co. v. Centennial Ins. Co.*,
117 Wn.2d 37, 811 P.2d 673 (1991) ..................................................................................13

*Rodriguez v. Loudeye Corp.*,
144 Wn. App. 709, 189 P.3d 168 (2008) .............................................................................7

*Smith v. Safeco Ins. Co.*,
150 Wn.2d 478, 78 P.3d 1274 (2003) ................................................................................13

*In re Stac Elecs. Sec. Litig.*,
89 F.3d 1399 (9th Cir.1996) .................................................................................................7

*Van Noy v. State Farm Mut. Auto. Ins. Co.*,
142 Wn.2d 784 (2001) .................................................................................................12, 13

*Wilson v. Geico Indem. Co.*,
No. C18-226 RAJ, 2018 WL 3869436 (W.D. Wash. Aug. 15, 2018) ................................13

## STATUTES

RCW 4.22.060 ...........................................................................................................................5

RCW 4.24.010 ....................................................................................................................10, 12

RCW 7.70 ...............................................................................................................1, 4, 10, 12

RCW 49.60 .............................................................................................................1, 4, 10, 12

## OTHER AUTHORITIES

Federal Rule of Civil Procedure 12(b)(6) ..........................................................1, 7, 11, 14

WAC 284-30-330..................................................................................................................13

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - iii
Case Nos. 2:25-CV-00924-RAJ

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

# I.   INTRODUCTION

Plaintiffs L.U. and Diandra Uttech ("Plaintiffs") move to dismiss all seven counterclaims asserted by Defendant Preferra Insurance Company Risk Retention Group ("Preferra") under Federal Rule of Civil Procedure 12(b)(6) for failure to state claims upon which relief can be granted.

On November 9, 2022, Plaintiffs filed a lawsuit against Brian Hall and his counseling entities (the "Counseling Defendants") in Snohomish County Superior Court (Case No. 22-2-06918-31) (the "underlying lawsuit").  In the underlying lawsuit, Plaintiffs raised claims for inappropriate conduct during mental health counseling sessions with then-10-year-old L.U. in 2018 against the Counseling Defendants.  The underlying Snohomish County case alleged claims of medical negligence and lack of informed consent (RCW 7.70), discrimination under the Washington Law Against Discrimination ("WLAD," RCW 49.60), and emotional distress.

The Counseling Defendants sought coverage under its professional insurance policy.  Preferra denied coverage or a defense.  Following Preferra's denial of coverage, the Counseling Defendants entered a covenant settlement with Plaintiffs, and assigned their first-party rights to bring bad faith claims against Preferra.  Preferra intervened to contest the covenant settlement, arguing against the covenant settlement on the basis that Preferra bore no obligation to provide coverage to the Counseling Defendants.

On March 20, 2025, the Snohomish County Superior Court issued an Order approving the covenant judgment after Preferra intervened to contest.  The March 20, 2025 Order found that Preferra possessed actual knowledge of claims since August 2018, that criminal and assault exclusions apply only to specific aspects of coverage rather than support the blanket denial of coverage for an entire lawsuit, and that "the vast majority of the civil complaint alleges conduct that ... **could not reasonably be excluded from coverage**."

Preferra's counterclaims in this litigation raise various policy exclusions which seek to eliminate all coverage obligations for the underlying lawsuit.  Even accepting Preferra's factual allegations as true, the counterclaims fail to meet the plausibility standard to survive Fed. R. Civ. P. 12(b)(6) because they ignore the Snohomish County Superior Court's detailed findings,

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 1
Case No. 2:25-CV-00924-TSZ

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

misapply Washington insurance law, and seek total denial of coverage where coverage was unquestionably required. Plaintiffs request that this Court dismiss all seven of Preferra's counterclaims.

## II.     STATEMENT OF FACTS

**A.     The Counseling Defendants Obtain Insurance Coverage through Gallagher Bassett**

On April 1, 2018, Seedsoil Counseling obtained social workers professional liability insurance from Preferra (formerly known as NASW), Policy Number: P-GRO3YX958I7VA-00 (the "Policy").[1] Seedsoil Counseling is an organization owned by Brian Hall.[2]

The Policy states that it will pay amounts the policy holder is legally obligated to pay as damages for any claims related to the professional services provided.[3] The Policy further states that Counseling Defendants will receive a defense related to claims relating to the professional services they provided.[4]

At all relevant times, Gallagher Bassett Services, Inc., ("Gallagher Bassett") served as the insurance claims administrative service retained to manage Preferra's claims.[5] Gallagher Bassett served as Preferra's agent in the administration of the Policy. Preferra is liable for all of Gallagher Bassett's actions or omissions related to the administration of the NASW Policy.[6]

The Policy is a claims-made policy, where the insurance policy provides coverage for claims made during the policy period. This is distinct from an occurrence-based policy, where the insurance policy provides coverage for claims arising from incidents that occurred during the policy period.[7] The Policy states that: "A Claim will be considered first made when notice of such claim is first received by any Insured...All Claims arising out of the same Professional Incident will be considered as having been made at the time the first report of such a Claim, whenever

---

[1] Dkt. No. 1-5 [Plaintiffs' First Amended Complaint], at ¶ 10; Dkt. No. 11 [Answer and Counterclaim] at ¶ 10.
[2] Dkt. No. 1-5, at ¶ 11; Dkt. No. 11 at ¶ 11.
[3] Dkt. No. 1-5, at ¶ 14; Dkt. No. 11 at ¶ 14.
[4] Dkt. No. 1-5, at ¶ 15; Dkt. No. 11 at ¶ 15.
[5] Dkt. No. 1-5, at ¶ 12; Dkt. No. 11 at ¶ 12.
[6] Dkt. No. 1-5, at ¶ 13; Dkt. No. 11 at ¶ 13.
[7] Dkt. No. 1-5, at ¶ 16; Dkt. No. 11 at ¶ 16.

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 2
Case No. 2:25-CV-00924-TSZ

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

made."[8]  Included in the definition of a Claim is "an administrative proceeding or formal investigation."[9]

**B.     Initial Notice to Preferra: Mr. Hall's Professional Licensing Board Investigation**

On August 28, 2018, Mr. Hall contacted Preferra to report a Professional Licensing Board investigation with the State of Washington Department of Health.  The licensing board investigation was based, in part, on allegations of unprofessional conduct toward L.U. during mental health counseling sessions.[10]

During the reasonableness hearing, the Snohomish Superior Court found that "NASW [n/k/a Preferra] did acknowledge that Mr. Hall had alerted them in August of 2018 of the licensing board investigation based on a complaint letter alleging unprofessional conduct and specifically alleging sexual misconduct."[11]

On October 12, 2022, Gallagher Bassett (acting as Preferra's agent) issued a letter providing a defense to Mr. Hall under a reservation of rights.  This agreement to defend was consistent with their legal obligations under the terms of the Policy. The reservation of rights allowed Preferra to provide a defense while preserving their ability to challenge coverage later.[12]

In 2019, the licensing board stayed the investigation pending resolution of criminal charges filed against Mr. Hall regarding the same unprofessional conduct.[13]

On September 12, 2022, Mr. Hall entered a plea agreement, pleading guilty to a single misdemeanor count of fourth-degree assault without sexual motivation.[14]  "[T]he amendment to the criminal charge removed any allegation of sexual motivation" and Mr. Hall's conviction "encompassed only a single, non-sexual act that was committed on one specific day, which was the last day L.U. attended counseling with Mr. Hall."[15]

---

[8] Dkt. No. 1-5, at ¶ 17; Dkt. No. 11 at ¶ 17.
[9] Dkt. No. 1-5, at ¶ 18; Dkt. No. 11 at ¶ 18.
[10] Dkt. No. 1-5, at ¶ 19; Dkt. No. 11 at ¶ 19.
[11] Dkt. No. 1-5, at **Appendix A** [March 20, 2025 Order at 5] at p.5; *see* Dkt. No. 11 at ¶ 49 ("Preferra admits the Snohomish County Superior Court entered an order on March 20, 2025, which is a written document that speaks for itself.").
[12] Dkt. No. 1-5, at ¶ ¶ 25-26; Dkt. No. 11 at ¶ ¶ 25-26; Dkt. 1-5 at Appendix A, p. 4-5.
[13] Dkt. 1-5 at Appendix A, p. 3.
[14] *Id*. at p. 10.
[15] *Id*.

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 3
Case No. 2:25-CV-00924-TSZ

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

After the guilty plea was entered, the licensing board investigation against Mr. Hall resumed. Preferra continued to provide a defense to Mr. Hall (subject to a reservation of rights) and provided Mr. Hall a defense throughout the entirety of the licensing board investigation. Notably, Preferra denied coverage for the civil lawsuit on February 23, 2023, yet continued defending the licensing board investigation for nearly 17 more months.

On July 8, 2024—over a year after denying coverage—the State of Washington issued its findings of fact and conclusions of law regarding Mr. Hall's unprofessional conduct. Preferra never terminated representation or filed a declaratory judgment action for the licensing board matter, despite using identical policy exclusions as grounds to deny the civil case.[16]

**C.    Preferra Denies Representation or Indemnification to the Counseling Defendants**

On November 9, 2022, Plaintiffs filed a complaint in Snohomish County Superior Court against the Counseling Defendants alleging: (1) negligence; (2) lack of informed consent under RCW 7.70; (3) discrimination under the Washington Law Against Discrimination (RCW 49.60); (4) loss of parent-child consortium; and (5) negligent infliction of emotional distress.[17]

On December 1, 2022, and over the subsequent months, the Counseling Defendants attempted to tender the civil lawsuit to Preferra to receive both indemnity and a defense. The Counseling Defendants made "multiple attempts, through multiple channels to tender its claims to NASW and its agents" over 84 days without receiving any response from Preferra or its agents.[18]

On February 23, 2023, Preferra sent a one-sentence email to the Counseling Defendants' attorney denying coverage, stating that "Brian Hall may not file a claim through NASW or be represented" because "his coverage through NASW is expired."[19] Preferra has yet to provide any further communications, explanations, or coverage analysis to the Counseling Defendants after this denial.[20]

---

[16] Dkt. No. 1-5, at ¶¶ 27-30; Dkt. No. 11 at ¶¶ 27-30.

[17] Dkt. No. 1-5 at ¶ 31; Dkt. No. 11 at 31 ("Plaintiffs' November 9, 2022 Complaint filed in Snohomish County Superior Court is a written document that speaks for itself[.]").

[18] Dkt. No. 1-5, at ¶¶ 32-34; Dkt. No. 1-5 Appendix A, at p. 4 ("The plaintiff's briefing in this matter asserts that Mr. Marshall made repeated attempts over three months to obtain liability coverage for the defendants from their insurance provider [Preferra], but he did not receive a response, and ultimately Mr. Marshall filed an answer and responded to discovery without [Preferra] responding to Mr. Marshall nor defending their insured.")

[19] Dkt. No. 1-5 at ¶ 35; Dkt. No. 11 at ¶ 35.

[20] Dkt. No. 1-5 at ¶¶ 36-42; *see generally* Dkt. No. 11.

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 4
Case No. 2:25-CV-00924-TSZ

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

On October 29, 2024, the Counseling Defendants and Plaintiffs reached a settlement in the Snohomish County Superior Court matter.  The Counseling Defendants acknowledged liability and confessed judgment in the amount of $2,250,000 ($1,500,000 to L.U. and $750,000 to Diandra) in exchange for a covenant not to execute and an assignment of all first-party rights against Preferra.[21]

On March 11, 2025, the Snohomish County Superior Court held a hearing to determine the reasonableness of the settlement under RCW 4.22.060. Preferra intervened and opposed the reasonableness of the settlement.[22]  It also fully challenged its obligations to provide coverage.

**D.     Snohomish Superior Court Analyzes of Preferra's Coverage Positions:**

On March 20, 2025, the Snohomish County Superior Court issued its Order approving the settlement.[23]  In doing so, the Court reviewed and rejected Preferra's many arguments requesting the settlement be denied due because Preferra's was not required to provide coverage or a defense. The Snohomish County Superior Court made several critical findings regarding Preferra's coverage obligations:

**1.     Counseling Defendants provided Notice to Preferra**

The Court noted that the Counseling Defendants provided notice as required under the Policy:

- Preferra's arguments that L.U's civil actions was a "new claim" were "nonsensical in the context of the volume of information NASW already possessed regarding this claim."[24]

- **Preferra made "<u>a cognizant choice not to participate as the lawsuit proceeded</u>."**[25]

**2.     Preferra Failed to Investigate or satisfy any of its duties under the policy**

Instead of conducting any investigation, Preferra sent a one-sentence email denying coverage.  Preferra provided no analysis, explanation, or consideration of why it was denying coverage or which claims might be covered under the policy:

---

[21] Dkt. No. 1-5, Appendix A, at p. 6-7.
[22] Dkt. No. 1-5 at ¶¶ 46-47, Appendix A at p. 7;  Dkt. No. 11 at ¶¶ 46-47 ("Preferra admits that it intervened in the Snohomish County Superior Court Case and challenged the reasonableness of the settlement…Preferra admits that it filed documents in the Snohomish County Superior Court Case.)
[23] Dkt. No. 1-5 at ¶ 48; Dkt. No. 11 at ¶ 48.
[24] *Id*. at 5 fn.2.
[25] *Id.* at p. 6.

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 5
Case No. 2:25-CV-00924-TSZ

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

- "NASW took no action to review its obligations under the policy to defend Mr. Hall, or to otherwise act or vindicate either its own interests or that of its insured."[26]

### 3. Preferra's reliance on the Criminal Exclusion violated the Policy's protections.

Rather than conducting the careful claim-by-claim analysis required under Washington insurance law, Preferra applied a blanket criminal exclusion to deny coverage for the entire lawsuit brought by Plaintiffs. The Court rejected this overreach:

- "[T]he vast majority of the civil complaint alleges conduct that, in this court's summary review, could not reasonably be excluded from coverage by the policy's criminal act exclusion clause."[27]

- "[T]hree of the five claims allege harm to D.U., who was not a party or victim in the criminal action" and that the final four claims (lack of informed consent, discrimination, loss of consortium, and negligent infliction of emotional distress) "were not substantively part of the criminal finding."[28]

- The allegations involved "a course of conduct that occurred over a period of a month, conduct that included allegations of sexual misconduct, that were not part of the criminal finding."[29]

### 4. Mr. Hall's Intent was Therapeutic, not Criminal:

Contrary to Preferra's assumption of Mr. Hall's intentional misconduct, Mr. Hall's actions stemmed from misguided therapeutic intentions rather than criminal intent:

- "Mr. Hall was continuing to forward his theory that the inappropriate contact alleged against him with his minor patients stemmed from the therapeutic principles he was following, rather than his own intentional criminal misconduct."[30]

## E. Status of the Current Litigation

On April 17, 2025, Plaintiff filed its First Amended Complaint against Defendant in Snohomish County Superior Court.[31]

---

[26] *Id.*
[27] *Id.* at p. 11.
[28] *Id.* at p.10-11.
[29] *Id.* at p.10.
[30] *Id.* at p.10 fn.4.
[31] Declaration of Ryan Pittman ("Pittman Decl."), at ¶ 2; Ex. A.

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 6
Case No. 2:25-CV-00924-TSZ



003326-12/3214012 V1

On May 15, 2025, Preferra removed this matter to the United States District Court for the Western District of Washington based on diversity jurisdiction. Preferra filed its Answer and Counterclaims on June 12, 2025.

Plaintiffs now move this Court to dismiss Preferra's counterclaims.

### III.    STATEMENT OF ISSUES

Under Federal Rule 12(b)(6), counterclaims must state plausible claims for relief based on well-pleaded facts. Preferra's Answer admits it provided coverage under the Policy for related claims made in August 2018, the Policy extends coverage for claims from the same professional incident, and the March 20, 2025 Snohomish County Superior Court Order found most conduct "could not reasonably be excluded from coverage." Should the Court dismiss Preferra's Counterclaims?

### IV.    EVIDENCE RELIED UPON

The pleadings and papers filed herein.

### V.    LEGAL ARGUMENT

"Dismissal under CR 12(b)(6) is appropriate in those cases where the plaintiff cannot prove any set of facts consistent with the complaint that would entitle the plaintiff to relief. *Jackson v. Quality Loan Serv. Corp.*, 186 Wn. App. 838, 843, 347 P.3d 487, 490 (2015). While facts alleged in Preferra's counterclaim are presumed true, "the court is not required to accept the [] legal conclusions as true. *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 717–18, 189 P.3d 168, 172 (2008).

In addition to the allegations in Plaintiffs' Complaint and Defendants' Answer and Counterclaims, Plaintiffs' Complaint attaches the March 20, 202 Snohomish County Superior Court Order and both parties' reference the Policy. The Court may take judicial notice of these documents in addition to the pleadings. "[T]he trial court may take judicial notice of public documents if the authenticity of those documents cannot be reasonably disputed." *Jackson*, 186 at 844; *see also In re Stac Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 n. 4 (9th Cir.1996) (appropriate for trial court to consider other portions of document referenced in complaint in a motion to dismiss, and doing so does not convert the motion into one for summary judgment).

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 7
Case No. 2:25-CV-00924-TSZ

003326-12/3214012 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**A.        Dismiss Preferra's First Counterclaim: Counseling Defendants Reported its Claim.**

Preferra's 2018 Policy is a claims-made policy, meaning that it will provide insurance coverage for all claims made in 2018.  The insured continues to receive coverage for future claims under the Policy if a claim made in 2018 provides notice of the future claims:

- a Claim will be considered first made **when notice of such Claim is first received by any Insured**[.]

- **The notice of one claim applies to all future claims that stem from the same Professional Incident**.

- any claim that may subsequently be made against [the insured] arising out of the same Professional Incident will be deemed… to have been made during the Policy Period in effect at the time.

- **All Related Professional Incidents arising out of the provision of Professional Services to any one person will be considered one Professional Incident**, irrespective of the number of Claims made or the number of Claimants or number of Insureds."[32]

Preferra's first counterclaim alleges that the Counseling Defendants "did not report the 'Potential Claim' to Preferra within the policy period or any applicable extended reporting period."[33]

Preferra's first counterclaim is contradicted by Preferra's admissions in its Answer. Preferra admits that all conditions to extend the Counseling Defendants coverage under the Policy existed:

- On August 28, 2018, Preferra received notice of the licensing board investigation;

- The licensing board investigation included allegations related to L.U.;

- Preferra provided coverage to / never denied insurance coverage for Mr. Hall's licensed board investigation;

- Preferra was notified of the allegations raised by Plaintiffs in Snohomish superior court, no later than February 23, 2023.[34]

The Counseling Defendants fulfilled Preferra's notice requirement by providing notice in August 2018 of Mr. Hall's licensing board investigation.  The facts in Plaintiffs' Complaint fell

---

[32] Dkt. No. 11, Preferra's Counterclaim at p. 23, ¶ 29.
[33] *Id* at ¶¶ 40-41.
[34] Dkt. No. 1-5 at ¶¶ 19-20, 29; Dkt. No. 11 at ¶¶ 19-20, 29.

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 8
Case No. 2:25-CV-00924-TSZ



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

within the same 2018 notice period because it arose from the same Professional Incident Mr. Hall received coverage for under the Policy.

The Snohomish County Court held that Preferra's argument that L.U.'s civil action constituted a new, unrelated claim was "nonsensical" given "the context of the volume of information [Preferra] already possessed regarding this claim."[35]

There is no dispute that the Counseling Defendants provided notice as required under the Policy. Therefore, Preferra's first counterclaim must be dismissed.

## B. Dismiss Preferra's Second Counterclaim: The Criminal Act Exclusion Does not Preclude All Coverage

Under Washington law, "exclusions from insurance coverage are contrary to the fundamental protective purpose of insurance, and we will not extend them beyond their clear and unequivocal meaning." *Moeller v. Farmers Ins. Co. of Washington*, 173 Wn.2d 264, 272 (2011). Exclusionary clauses are construed strictly against the insurer, and any ambiguity is resolved in favor of the policyholder. *Id.*

Insurers cannot broadly invoke exclusions to deny coverage for entire lawsuits when only specific adjudicated acts fall within the exclusion's scope.

The Washington Supreme Court has held that insurers are prohibited from providing lesser coverage for therapeutic malpractice claims where sexual misconduct is also alleged. *Am. Home Assur. Co. v. Cohen*, 124 Wn.2d 865, 881 (1994). Washington courts protect victims by ensuring they can pursue all claims without insurers using sexual misconduct allegations to escape all coverage obligation, as limiting coverage "to include claims of malpractice which do not involve the psychologist's sexual misconduct violates public policy in that it discourages injured clients from taking advantage of protective statutes." *Id.*

The Snohomish Court's Order rejected Preferra's use of the criminal acts exclusion to deny all coverage to the Counseling Defendants. The Court found that: "the 'adverse judgment' that entered against Mr. Hall in the criminal cause encompassed only **a single, non-sexual act** that was committed **on one specific day**."[36]

---

[35] Dkt. No. 1-5, Appendix A at p. 5, fn. 2.
[36] *Id.* at p. 10.

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 9
Case No. 2:25-CV-00924-TSZ



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

Unlike the plea entered in the criminal court matter, Plaintiffs' Complaint extends far beyond a single act on a single day.  Plaintiffs' claims include:

- Lack of informed consent under RCW 7.70;

- Discrimination action under RCW 49.60;

- Loss of parent-child consortium under RCW 4.24.010;

- Negligent infliction of emotional distress; and

- Damage claims by Diandra Uttech.

The Snohomish Court Order ruled: "the vast majority of the civil complaint alleges conduct that, in this court's summary review, could not reasonably be excluded from coverage by the policy's *criminal act exclusion clause*."[37]

Preferra remains responsible for providing coverage for all non-criminal claims.  Rather than conducting the careful claim-by-claim analysis required under Washington law, Preferra took the path of least resistance (and maximum benefit to itself), total denial.  Insurers cannot broadly invoke exclusions to deny coverage for entire lawsuits when only specific adjudicated acts fall within the exclusion's scope.

Preferra's second cause of action should be dismissed because the criminal act exclusion clause may not act as a complete bar to indemnification and a defense under the Policy. Even accepting Preferra's statements as true, the criminal acts exclusion does not exclude coverage for "the vast majority of the civil complaint."[38]

**C.    Dismiss Preferra's Third Counterclaim: The Expected Damages Exclusion Cannot Bar Therapeutic Interventions.**

Washington courts have ruled that insurers are barred from providing lesser coverage for therapeutic malpractice claims where sexual misconduct is also alleged.  The Washington Supreme Court in *Cohen* recognized that therapist misconduct, even when inappropriate, often stems from misguided therapeutic intentions rather than intent to harm. *Cohen*, 124 Wn. 2d at 871-72. "[M]ost courts which have considered the issue have ruled that sexual or erotic contact with a client is

---

[37] *Id.* at p. 11 (emphasis in original).
[38] *Id.*

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 10
Case No. 2:25-CV-00924-TSZ



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

'malpractice' or 'professional negligence' on the part of a psychologist or other mental health therapist.'" *Id.*

The Policy's expected damages exclusion requires that damages are only excluded from coverage where they were "expected or intended, or that should have been reasonably expected or intended, from the standpoint of an Insured."[39]

The Policy's exclusion does not apply where, as here, the insured's actions were intended for therapeutic purposes. Mr. Hall's stated intent was to provide therapeutic care. Throughout the criminal matter, "Mr. Hall was continuing to forward his theory that the inappropriate contact alleged against him with his minor patients stemmed from the *therapeutic principles he was following*, rather than his own intentional criminal misconduct."[40]

Preferra's third counterclaim should be dismissed under Fed. R. Civ. P. 12(b)(6). Mr. Hall's stated therapeutic intent must be covered under a professional liability policy and may not be denied on the basis of an expected damages exclusion.

**D.    Dismiss Preferra's Fourth Counterclaim: Even if the sexual misconduct exclusion did apply, Mr. Hall was entitled to limited coverage.**

Under the Policy, Preferra must provide limited coverage for sexual misconduct claims. Preferra's Policy states: "The most We will pay under this Policy for all Damages for Claims involving Sexual Misconduct is $25,000 … Any Claim Expenses paid for a Claim involving Sexual Misconduct are in addition to this $25,000 aggregate limit... We shall not be obligated to pay any Claim Expenses... **after this $25,000 aggregate limit has been exhausted**."[41]

Here, Preferra *never* offered the Counseling Defendants limited coverage under the Policy. Preferra denied coverage entirely.

Preferra cannot invoke an exclusion as a basis for outright denial of all claims while, at the same time, failing to provide $25,000 the Policy mandates. The Court should dismiss Preferra's fourth cause of action in its Counterclaim.

---

[39] Dkt. No. 11, Preferra's Counterclaim at p. 28, ¶ 53.
[40] Dkt. No. 1-5, Appendix A at p. 10, fn. 4 (emphasis in original).
[41] Dkt. No. 11 at ¶ 27, Exclusion J.

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 11
Case No. 2:25-CV-00924-TSZ

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

### E.    Dismiss Preferra's Fifth Counterclaim: The Assault Exclusion does not bar coverage for the multiple other claims in the underlying lawsuit

The assault exclusion (like the other exclusions above) may not be applied broadly to exclude all claims. The assault exclusion exists to exclude liability for intentional violent acts, not to provide a blanket defense against all claims arising from negligent professional conduct. Washington's insurance law requires insurers to conduct claim-by-claim analysis rather than wholesale denials based on single excluded acts. "[a]n insurer owes an elevated or enhanced fiduciary or good faith obligation to deal fairly with an insured, giving equal consideration in all matters to the insured's interests." *Van Noy v. State Farm Mut. Auto. Ins. Co.*, 142 Wn.2d 784, 793 (2001).

The Snohomish Court's Order specifically found that Mr. Hall's guilty plea "encompassed only a single, non-sexual act that was committed on one specific day." By contrast, Plaintiffs alleges "a course of conduct that occurred over a period of a month" and separate legal theories not based on assault.[42] Preferra cannot use a single excluded act to escape its obligations to defend against multiple non-excluded claims arising from the same general circumstances.

Preferra's fifth counterclaim should be dismissed.  Preferra's counterclaim, even if true, does not support its contention that Preferra has no responsibility to the Counseling Defendants.

### F.    Dismiss Preferra's Sixth Counterclaim: The Counseling Defendants are not required to cooperate once Preferra denies coverage.

Washington courts, including the Western District of Washington have consistently ruled that once the insurer denies coverage, it may not allege failure to cooperate.  "[A]n insurer is estopped from relying on breaches of the cooperation clause occurring after the insurer has improperly denied coverage under the policy." *Wilson v. Geico Indem. Co.*, No. C18-226 RAJ, 2018 WL 3869436, at *3 (W.D. Wash. Aug. 15, 2018).  The cooperation clause exists to facilitate the insurer's defense of its insured, not to provide additional grounds for denying coverage *after* the insurer breached its duty to defend.

Once an insurer wrongfully denies coverage, it cannot claim breach of the cooperation clause. Preferra denied coverage through a one-sentence email without investigation or

---

[42] Dkt. No. 1-5, Appendix A at p. 10.

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 12
Case No. 2:25-CV-00924-TSZ

003326-12/3214012 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

explanation, excusing the Counseling Defendants from any further obligation to cooperate with Preferra. Preferra's sixth counterclaim should be dismissed.

**G.    Dismiss Preferra's Seventh Counterclaim: Preferra failed to satisfy its duties under the Policy.**

Preferra failed to satisfy its duties under the policy by: (1) denying coverage without investigation; (2) failing to provide any explanation for the denial; and/or (3) issuing a blanket denial of coverage rather than determine whether coverage existed beyond potential exceptions.

Under Washington law, insurers have a duty of good faith toward their insureds. "An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort action for bad faith." *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484 (2003). When insurers force insureds "to assume the burden of legal action, to obtain the full benefit of his insurance contract," they become liable for the consequences of their bad faith conduct. *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 53 (1991).

Insurers must: (1) conduct reasonable investigations of claims; (2) act reasonably promptly; (3) provide explanations for coverage denials; and (4) consider the insured's interests equally with their own.[43] *See Van Noy*, 142 Wn.2d at 793.

Insurers who abandon their investigative duties breach this fundamental trust and cannot claim they satisfied their policy obligations through a cursory, single sentence denial.

The Court's Order documents some of Preferra's many failures to satisfy its duties under the policy:

**Failure to Investigate:** The Court found that "NASW took no action to review its obligations under the policy to defend Mr. Hall, or to otherwise act or vindicate either its own interests or that of its insured."[44]

**Failure to Provide Explanation:** Preferra provided only a one-sentence email denying coverage without any analysis or explanation. The Court noted that "NASW seemed comfortable in its denial of coverage, perhaps at its own peril."[45]

---

[43] *See* WAC 284-30-330(2)(4)(13).
[44] Dkt. No. 1-5, Appendix A at p. 6.
[45] *Id.*

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 13
Case No. 2:25-CV-00924-TSZ

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

003326-12/3214012 V1

**Failure to Consider Coverage for All Claims:** The Court specifically found that "the vast majority of the civil complaint alleges conduct that ... could not reasonably be excluded from coverage."[46]  Yet Preferra made no effort to analyze which claims might be covered.

Preferra's seventh counterclaim should be dismissed.  Rather than conduct a thorough investigation, Preferra issued a wholesale denial without consideration of its insured's rights. This approach violates the duty Preferra owed to the Counseling Defendants and demonstrates that Preferra prioritized its own interests over its legal obligations.

## VI.   CONCLUSION

Under Federal Rule of Civil Procedure 12(b)(6), counterclaims must state plausible claims for relief based on well-pleaded facts. Preferra's seven counterclaims fail to meet this standard. Based on Preferra's admissions, the Policy's terms, and the Snohomish County Superior Court Order, Plaintiffs respectfully request that the Court dismiss all seven of Preferra's counterclaims under Fed. R. Civ. P. 12(b)(6) for failure to state claims upon which relief can be granted.

DATED: July 23, 2025                Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ David P. Moody*
      David P. Moody, WSBA No. 22853
By: */s/ Marty D. McLean*
      Martin D. McLean, WSBA No. 33269
By: */s/ Ryan T. Pittman*
      Ryan T. Pittman, WSBA No. 57560
      1301 Second Avenue, Suite 2000
      Seattle, WA  98101
      Telephone:    (206) 623-7292
      Facsimile:    (206) 623-0594
      ryanp@hbsslaw.com

*Attorneys for Plaintiffs*

*I certify that this memorandum contains 4,656 words, in compliance with the Local Rules*

---

[46] *Id.* at p. 11.

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 14
Case No. 2:25-CV-00924-TSZ

003326-12/3214012 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, I caused the foregoing document (and all documents filed herewith) to be electronically filed with the Clerk of the Court and served on all parties or their counsel of record as follows:

**VIA EMAIL:**

Jennifer E. Aragon
Eliot Harris
WILLIAMS KASTNER
601 Union Street, Suite 4100
Seattle, WA 98101-2380

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

DATED this 23rd day of July 2025 at Seattle, Washington.

_____
JeannieBeth Asuncion, Paralegal

PLAINTIFFS' 12(b)(6) MOTION TO DISMISS COUNTERCLAIMS - 15
Case No. 2:25-CV-00924-TSZ

003326-12/3214012 V1



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX